IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES K. STONE,

                Petitioner,

v.                                      CIVIL ACTION NO.  2:16-cv-01874

WILLIAM J. VEST,

                Respondent.

MEMORDANDUM OPINION AND ORDER

Pending before the Court are Petitioner Charles Stone's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("the § 2254 Petition") (ECF No. 2) and Respondent William J. Vest's Motion to Dismiss (ECF No. 20).   This matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and a recommendation for disposition ("PF&R").   On September 23, 2016, the Magistrate Judge submitted a PF&R, (ECF No. 33), recommending that the § 2254 Petition be dismissed as time barred.   Consistent with this recommendation, the PF&R proposes that Respondent's Motion to Dismiss be granted and further recommends that Petitioner's Motions to Accept New Evidence (ECF Nos. 7, 23), Motions for Leave to File Supporting Brief (ECF Nos. 8, 24), and Motion to Amend, (ECF No. 18), be denied as moot. Plaintiff filed objections to the PF&R on October 11, 2016.   (ECF No. 34.)   For the reasons that follow, the Court **ADOPTS** the PF&R, **GRANTS** the Motion to Dismiss, and **DENIES AS MOOT** all other outstanding motions.

## I.    BACKGROUND

Petitioner, a recently paroled state prisoner, attacks his conviction pursuant to 28 U.S.C. § 2254.[1]  Since the Magistrate Judge recommends the case be resolved on timeliness grounds, the procedural history is of particular importance and will be set forth in detail.

On May 13, 2011, Petitioner was convicted upon jury verdict of conspiracy to commit a felony, entering a dwelling, robbery, and impersonation of a law enforcement officer.   (ECF No. 20-1 at 1.)  The Circuit Court of Fayette County, West Virginia imposed sentence on June 28, 2011.  (*Id.*)  Petitioner filed a timely notice of direct appeal with the Supreme Court of Appeals of West Virginia ("WVSCA") on June 27, 2011.   On October 24, 2011, and while his direct appeal remained pending, Petitioner filed in the circuit court a Motion for Reduction of Sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure.  (ECF No. 40-1.)  The WVSCA issued an opinion denying Petitioner's appeal on November 16, 2012, and issued its mandate on December 17, 2012.

On December 13, 2013, Petitioner filed a petition for writ of habeas corpus with the circuit court.   On January 9, 2014, the circuit court denied Petitioner's previously-filed Rule 35 motion, which by that time had been pending for over two years. The circuit court later denied Petitioner's habeas corpus petition on June 27, 2014, and Petitioner again appealed to the WVSCA.   Counsel was appointed to represent Petitioner on appeal, and the WVSCA affirmed the denial of the habeas

---

[1] According to recent telephone conversations with the West Virginia Division of Corrections, Petitioner was released on parole on February 13, 2017.   His minimum discharge date is February 13, 2018.  Petitioner's release has not mooted the claims raised in the § 2554 Petition, as a prisoner placed on parole is still "in custody" for purposes of § 2554.   *See Jones v. Cunningham*, 271 U.S. 236, 242 (1963) (finding parole is a sufficient restraint on a prisoner's liberty to allow the prisoner to attack a state sentence under § 2254).

2

petition on June 15, 2015.   After denying Petitioner's pro se request for rehearing, the WVSCA issued its mandate on September 1, 2015.

Petitioner did not file the § 2254 Petition until February 26, 2016.   Respondent has responded by filing an answer together with a motion to dismiss premised on Petitioner's alleged failure to file the § 2254 Petition within the one-year limit imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").   The Magistrate Judge agreed with this assessment, finding further that Petitioner is not entitled to equitable tolling of the statute of limitations.   Petitioner objects, arguing that equitable tolling is warranted under the circumstances because, as he claims, he did not receive notice of the WVSCA's mandates until months after their issuance.   He also relies on the Rule 35 Motion for Reduction of Sentence as proof that he diligently pursued the vindication of his rights at the state level.   Neither Petitioner, in the Objections, nor the Magistrate Judge, in the PF&R, makes mention of the effect of the Rule 35 motion, if any, on tolling the statute of limitations.   Since the available state court record did not include a copy of said motion, the Court ordered Respondent to produce it by October 28, 2016. Respondent complied, filing a copy of the Rule 35 motion along with a brief setting forth Respondent's belief that the motion did not toll the statutory limitations period.   The Court proceeds to disposition of the Objections.

## II.     LEGAL STANDARDS

### A.     Review of the PF&R

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).   However, this Court is not required to review, under a de novo or any other standard,

3

the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

B.      *Motion to Dismiss Standard*

When filed simultaneously with an answer, a motion to dismiss a § 2254 petition is treated as a Rule 12(c) motion for judgment on the pleadings. *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009); Fed. R. Civ. P. 12(c). A court considering a motion for judgment on the pleadings under Rule 12(c) applies the same standard as when considering a motion to dismiss pursuant to Rule 12(b)(6). *Burbach Broad Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). A court must accept all facts pleaded by the § 2254 petitioner as true and draw all reasonable factual inferences from those facts in the petitioner's favor. *Walker*, 589 F.3d at 139 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

If evidence outside the pleadings is tendered to and accepted by the Court, the motion for judgment on the pleadings is converted into a motion for summary judgment under Rule 56, with one important exception. *Burbach*, 278 F.3d at 406 (citing *A.S. Abell Co. v. Baltimore Typographical Union*, 338 F.2d 190, 193 (4th Cir. 1964); Fed. R. Civ. P. 12(d). The motion is not converted into a summary judgment motion if the Court considers documents and facts of which it may take judicial notice. *Id.* (citing *R.G. Fin. Corp. v. Vergara-Nuñez,* 446 F.3d 178, 182 (1st Cir. 2006)). The Court may take judicial notice of certain facts which are not subject to reasonable dispute, Fed. R. Evid. 201, and of the existence and contents of various types of official

4

documents and records. *Id.* (citing *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996) (documents filed with government agencies); *Anderson v. FDIC*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) (records of bankruptcy court); *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 538 n. 3 (W.D.N.C. 2008) (EEOC complaints and right-to-sue notices)).   Here, and noting no objection from Petitioner to the veracity of the state court record, the Court takes judicial notice of the various state court filings offered in support of Respondent's Motion to Dismiss.

## III.   DISCUSSION

The sole issue for resolution is whether the § 2254 Petition was timely.   The Court will address the potential impact of the Rule 35 motion before turning to Petitioner's arguments for equitable tolling.

A state prisoner's time for filing a federal habeas petition is governed by the one-year statute of limitations imposed by the AEDPA.   28 U.S.C. § 2244(d).   As provided by that statute, the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   The statute contemplates an exception to these otherwise strict timing requirements while the prisoner has a petition for collateral review pending in state court,

providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). In *Wall v. Kholi*, 562 U.S. 545 (2011), the United States Supreme Court held that a properly filed motion to reduce sentence—such as a motion filed under Rule 35 of the West Virginia Rules of Criminal Procedure—tolls the period of limitation under § 2244(d)(2). *Id.* at 550; *Bellamy v. Plumley*, No. 2:14-cv-24847, 2015 WL 2155697, at *5 (S.D. W. Va. May 7, 2015) (noting that a properly filed Rule 35 motion for reduction of sentence tolls the AEDPA's statute of limitations).

In this case, the Magistrate Judge found that the one-year time period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (ECF No. 33 at 7 (citing 28 U.S.C. §2244(d)(1)(A)). The Magistrate Judge then proceeded to explain her conclusion that the limitations period expired prior to the filing of the § 2254 Petition, as follows:

> Petitioner did not file a petition for a writ of certiorari; consequently, the AEDPA's one-year statute of limitations began to run on the day after the 90 days expired, which was February 15, 2013. Petitioner's statute of limitations continued to run through December 12, 2013 (the day before Petitioner filed his state habeas petition). At that point, Petitioner had used 301 days of the 365 days available under the AEDPA. The limitations period was then statutorily tolled during the pendency of Petitioner's state habeas action. . . . On September 1, 2015, the [WVSCA] issued the mandate, officially terminating its jurisdiction over Petitioner's case . . . at that time, the AEDPA's statute of limitations resumed, beginning to run on the day following the mandate—September 2, 2015—and continuing to run another 177 days through February 25, 2016 (the day before Petitioner commenced the instant action).

(ECF No. 33 at 9.)   Cumulatively, the Magistrate Judge calculated that a total of 478 days elapsed before the filing of the § 2254 Petition. As stated previously, however, the Magistrate Judge did

not address the effect of the Rule 35 motion on tolling the statute of limitations.[2]   With consideration of Petitioner's Rule 35 Motion, two periods of tolling are potentially in issue: first, from October 24, 2011 to January 9, 2014, while the Rule 35 motion was pending, and second, from December 13, 2013 to September 1, 2015, while Petitioner's state habeas petition was under review.   It follows that if the Rule 35 Motion was properly filed, the AEDPA statute of limitations did not begin to run until September 2, 2015,[3] and the filing of the § 2254 Petition on February 26, 2016 was timely.

In the context of § 2244(d)(2), the phrase "properly filed" involves the intersection of federal law, in defining the phrase, and state law, in applying the phrase to the procedural laws of a particular state.   *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).   The Supreme Court has held that "[a]n application is 'filed,' . . . when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. . . . [a]nd an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."   *Artuz*, 531 U.S. at 8 (emphasis in original, internal citations omitted).   The relevant rules will usually prescribe "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."   *Id.*

---

[2] Though he briefly references the Rule 35 motion in his Objections, Petitioner did not recognize the motion's potential to toll the limitations period.   His erroneous belief that such a motion cannot toll the federal statute of limitations is based on an abrogated Fourth Circuit opinion.   (ECF No. 34 at 2 (citing *Walkowiak v. Haines*, 272 F.3d 234 (4th Cir. 2001), *abrogated by Wall v. Kholi*, 562 U.S. 545 (2011)).)   Nevertheless, in the interest of clarifying the record, the Court discusses the possibility of statutory tolling while the Rule 35 motion was pending in state court.

[3] Contrary to Petitioner's assertion, the statute of limitations began to run not on the day of the mandate's issuance, but on the day following.   Fed. R. Civ. P. 6(a) (excluding the day of the event that triggers the period when computing time).

Petitioner's motion for sentence reduction was filed under Rule 35(b) of the West Virginia Rules of Criminal Procedure, which states:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

In his motion, Petitioner requested the state circuit court to substitute a term of home confinement for the sentence of imprisonment he is currently serving.  Respondent admits that the subject matter of the motion was cognizable under Rule 35(b), and the Court finds that Petitioner's Rule 35 motion was a motion for collateral review that, if properly filed, would toll the AEDPA's statute of limitations.

Respondent concedes that Petitioner's Rule 35 Motion was filed, but contends that it was not filed *properly*.   In Respondent's view, the problem is jurisdictional.   Because Petitioner filed his Rule 35 Motion with the state circuit court while his direct appeal was pending, the circuit court had no jurisdiction to entertain it.   The Court must agree.   It has long been the law in West Virginia that a circuit court does not have jurisdiction to hear a motion for sentence reduction during the pendency of an appeal.   *See* Syl. Pt. 1, *State v. Doom*, 791 S.E.2d 384 (W. Va. 2016) (quoting Syl. Pt. 2, *State ex rel. Dye v. Bordenkircher*, 284 S.E.2d 863 (W. Va. 1981)).   The WVSCA has explained that the two limitation periods provided in Rule 35 were drafted to address this jurisdictional limitation:

> [W]e emphasize that Rule 35(b) contemplates that a defendant should file a motion for sentence reduction within only one of the two limitation periods provided in the

8

rule. In other words, a motion for sentence reduction should be filed within 120 days after the sentence is imposed if there is no appeal to this Court, *or* 120 days after the entry of a mandate by this Court upon affirmance of the defendant's conviction.

*State v. Robey*, No. 13-0081, 2014 WL 901746, at *4 (W. Va. Mar. 7, 2014) (unpublished memorandum opinion) (emphasis in original). The *Robey* court continued that this construction of the rule "ma[de] sense in light of the fact that once a defendant appeals his or her conviction . . . , there is no reason to file a motion for sentence reduction in the circuit court because the circuit court is without jurisdiction to rule on the motion." *Id.*

An application filed in a state court without jurisdiction is not "properly filed" for purposes of § 2244(d)(2). *Artuz*, 531 U.S. at 9 ("If . . . an application is erroneously accepted by the clerk of a court lacking jurisdiction, . . . it will be *pending*, but not *properly filed*." (emphasis in original)). This rule applies with equal force even if the state court in which the application was filed will later regain jurisdiction, such as when the appellate court issues its mandate following the conclusion of a direct appeal and returns jurisdiction to the trial court. *Knox v. Workman*, 425 Fed. App'x 781, 783 (10th Cir. 2011) (application for post-conviction relief filed during pendency of direct appeal was not "properly filed," even though jurisdiction would later be restored to trial court); *Kelly v. Quarterman*, 260 Fed. App'x 629 (5th Cir. 2007) (habeas application was not "properly filed" when filed with a state trial court lacking jurisdiction during direct appeal); *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (finding that "a habeas petition filed in a court lacking jurisdiction to consider the application is not 'properly filed'" (quoting *Artuz*, 531 U.S. at 9)). The fact that the Circuit Court of Fayette County eventually issued a decision on the merits of the Rule 35 motion is of no moment. *See Dretke*, 361 F.3d at 895 (holding in similar circumstances that "if a state court mistakenly accepts and considers the merits of a state habeas application in

violation of its own procedural filing requirements, including those governing jurisdiction, that habeas application is not 'properly filed'").   Thus, the Court finds that Petitioner's Rule 35 Motion for Reduction of Sentence did not toll the AEDPA's statute of limitations.

The Court now considers equitable tolling, the issue at the core of Petitioner's Objections. Equitable tolling of the AEDPA's limitations period is available only when a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citations omitted).   "[E]quitable tolling is appropriate in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).

Petitioner argues that the Court should equitably toll the AEDPA statute of limitations between the dates on which the WVSCA issued the mandates in his direct appeal and his state habeas action and the dates on which Petitioner allegedly received actual notice of the mandates. In Petitioner's view, this would toll the statute of limitations during two periods of time: first, from December 18, 2012 to March 6, 2013, and again from September 2, 2015 to January 13, 2016.   As to the first time period, however, Petitioner forgets that his conviction "became final" for purposes of § 2244(d)(1)(A) not on the date the WVSCA's mandate was issued, but after the 90-day window to file a petition for a writ of certiorari to the United States Supreme Court had expired.   *See Clay v. United States*, 537 U.S. 522, 528 (2003).   The AEDPA's statute of limitations did not begin to

run until February 15, 2013.[4]   Using this revised calculation, only 19 days ran during the first time

period (February 15, 2013 to March 6, 2013) and 133 days ran during the second (September 2,

2015 to January 13, 2016).

If the Court tolls the statute of limitations during both of these time periods, only a total of

326 days (as opposed to the 478 days calculated by the Magistrate Judge) would have elapsed

before Petitioner sought federal habeas relief.   The second and longer period of time, however, is

the only one of consequence.   To illustrate, if the Court finds that equitable tolling is appropriate

only as to the first time period—between February 15, 2013 and March 6, 2013—the § 2254

Petition would still be untimely.[5]   The Court will therefore limit its discussion to the second period

of time, between September 2, 2015 and January 13, 2016.   Again, this time period relates to the

date following the WVSCA's issuance of the mandate denying habeas relief and the date on which

Petitioner claims to have received actual notice of the mandate.[6]

Petitioner's arguments fail on this score.   The facts and circumstances of Petitioner's state

habeas proceedings plainly reveal that he did not diligently pursue his rights at the state level.

Petitioner filed his state habeas petition on December 13, 2013.   The Circuit Court of Fayette

---

[4] This date is 90 days from the day after entry of the WVSCA's judgment order on November 16, 2012. According to the Rules of the Supreme Court, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."   Sup. Ct. R. 13(3).

[5] Tolling the AEDPA's statute of limitations between February 15, 2013 and March 6, 2013 results in a total of 459 days that would have elapsed before the filing of the § 2254 Petition (478 days – 19 days = 459 days)—still well in excess of the 356 days permitted by statute.

[6] The Court notes that § 2244(d) does not toll the statute of limitations during the 90-day period to file a petition for certiorari following the state court's habeas review.   Section 2244(d) provides for the tolling of the statute of limitations while an "application for State post-conviction or other collateral review" is pending.   "Read naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).   "The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and §2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."   *Id.*

County denied the petition on June 27, 2014.  (ECF No. 20-11.)  Petitioner then appealed the decision to the WVSCA on July 24, 2014 and requested the appointment of counsel.  (ECF No. 20-14.)  On September 17, 2014, the circuit court appointed attorney J.B. Rees to represent Petitioner for purposes of appeal.  Mr. Rees filed an amended notice of appeal on Petitioner's behalf on November 24, 2014, and proceeded to brief the issues according to the deadlines set by the WVSCA.  The WVSCA affirmed the denial of the state habeas petition by memorandum decision issued June 15, 2015.  *State v. Jones*, No. 14-0715, 2015 WL 3688722 (W. Va. June 15, 2015).  On July 14, 2015, dissatisfied with the services of his appointed counsel, Petitioner filed motions to proceed pro se and for a rehearing.  (ECF No. 20-22.)  Judging from the content of those motions, Petitioner was obviously aware of the WVSCA's unfavorable decision issued one month earlier.  The WVSCA granted the motion to proceed pro se on July 16, 2015, (ECF No. 20-26), and subsequently denied the motion for rehearing by Order dated August 25, 2015, (ECF No. 20-27).  A mandate issued on September 1, 2015.  (ECF No. 20-28.)  Another six months passed before Petitioner filed the § 2254 Petition.

In an attempt to explain this passage of time, Petitioner argues simply that he did not learn of the WVSCA's mandate until January 13, 2016, when his sister called the WVSCA for an update on the case.  Even if the Court assumes the truth of this assertion, Petitioner does not identify any circumstance, extraordinary or otherwise, that prevented him from following up on his case earlier.[7]  Because he requested to proceed pro se, Petitioner cannot fault his counsel for not

---

[7] Petitioner notes in his objections that it was during this period of time that the West Virginia Office of Disciplinary Counsel issued a decision on an ethics complaint that Petitioner filed against Mr. Rees on July 14, 2015.  First of all, the assertion is factually incorrect—the Disciplinary Counsel did not issue its decision until February 23, 2016, several weeks after Petitioner alleges that he became aware of the September mandate.  (ECF No. 35-4.)  Further, Petitioner makes no attempt to tie the Disciplinary Counsel's investigation to his delay in filing the federal habeas petition.  Since Petitioner was relieved of appointed counsel in July 2015, the pendency of his ethics complaint bears no apparent relevance to the subsequent appellate proceedings.

forwarding him the relevant legal documents.   He voluntarily took on the obligation of litigating the case to its close, including pursuing his request for a rehearing.   The Court finds it noteworthy that Petitioner does not argue that he failed to receive a copy of the Order denying that request. Upon receipt of that Order, Petitioner can reasonably be expected to have anticipated a mandate to follow shortly thereafter—as it did, one week later.[8]   Waiting nearly five months to make first contact with the WVSCA after receiving the Order denying a rehearing was not reasonably diligent.

Perhaps Petitioner was not aware that the denial of his request for a rehearing would trigger the issuance of the WVSCA's mandate.   The Court must emphasize, however, that misunderstanding of the law does not support equitable tolling.   *See Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (habeas petitioner's misunderstanding of state procedural requirements does not support a finding of equitable tolling); *LaRue v. Waid*, No. 3:06-cv-82, 2007 WL 2317428, at *4 (N.D. W. Va. Aug. 8, 2007) (finding pro se petitioner's ignorance of the law was insufficient reason to equitably toll the AEDPA statute of limitations); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare circumstance where, due to forces beyond petitioner's control, enforcing limitations period would be unconscionable); *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."); *Ballard*

---

[8] In fact, the West Virginia Rules of Appellate Procedure provide for a mandate to issue within seven days of the denial of a petition for rehearing, W. Va. R. App. P. 26, which is exactly what happened in this case. A pro se litigant could have easily found that plain and simple rule.   Thus, there are two possibilities. Petitioner either knew about this mandate rule or he did not.   If he did not know about it, he provides no explanation for not inquiring for nearly five months after his motion for a rehearing was denied.   If he did know about it, he has even less justification for not inquiring sooner.   Either way, these circumstances do not demonstrate reasonable diligence and do not present circumstances external to Petitioner.

*v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) ("Pro se litigants are entitled to some deference from courts. . . . But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible.").

For these reasons, this case does not present the type of "rare instance" where equitable tolling is appropriate.  *Whiteside*, 775 F.3d at 184; *Harris*, 209 F.3d at 330.  The Court will dismiss the § 2254 Petition as untimely.

## IV.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Objections (ECF No. 34), **ADOPTS** the PF&R to the extent consistent with this Memorandum Opinion, (ECF No. 33), **GRANTS** Respondent's Motion to Dismiss, (ECF No. 20), **DISMISSES** the § 2254 Petition, and **DIRECTS** the Clerk to remove this case from the Court's docket.   Petitioner's Motions to Accept New Evidence (ECF Nos. 7, 23), Motions for Leave to File Supporting Brief (ECF Nos. 8, 24), and Motion to Amend, (ECF No. 18), are **DENIED AS MOOT**.   The Court further **DISMISSES** the civil actions consolidated in this lead case, identified as Civil Action Nos. 2:16-cv-1877, 2:16-cv-1938, 2:16-cv-1945, and 2:16-cv-2004.   The Court **DIRECTS** the Clerk to remove these cases from the active docket of the Court.

The Court has also considered whether to grant a certificate of appealability.  *See* 28 U.S.C. § 2253(c).   A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right."   *Id.* at § 2253(c)(2).   The standard is satisfied upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  *Miller–El v. Cockrell*, 537 U.S. 322, 336−38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001).  The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right and thus **DENIES** a certificate of appealability. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

> **IT IS SO ORDERED**.

> The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 14, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE